IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 303-13917 |
| MICHAEL S. CASPER, | ) CHAPTER 7 |
| | ) |
| Debtor, | ) JUDGE HARRISON |
| | ) |
| | ) |
| AMELIA CAMPBELL, | ) ADV. NO. 304-0278A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL S. CASPER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court upon the plaintiff's motion for summary judgment, asserting that as a matter of law, a state court entry of default against the debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6). Although the debtor, who appeared pro se, did not file a written response to the motion for summary judgment, he did appear at the hearing to defend against the motion. For the following reasons, the Court finds that the motion for summary judgment should be denied.

## I. BACKGROUND

The plaintiff filed a lawsuit against the debtor, among others, in Rutherford County Circuit Court on May 16, 2003. The complaint alleged multiple counts, including causes of action for breach of contract, intentional misrepresentation, negligent misrepresentation, violations of the Tennessee Consumer Protection Act, violations of the Tennessee Securities Act, unjust enrichment, and promissory estoppel.

The debtor did not respond to the lawsuit, and a "Default Judgment" was entered on September 29, 2003. This state court order reads as follows:

> 1. Defendants Olde South Trust, Inc., and Mike Casper, Individually and d/b/a Olde South Trust, Inc., were properly served pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.
>
> 2. Defendants Olde South Trust, Inc., and Mike Casper, Individually and d/b/a Olde South Trust, Inc., have failed to plead or otherwise defend as required by the Tennessee Rules of Civil Procedure.
>
> 3. Defendants Olde South Trust, Inc., and Mike Casper, Individually and d/b/a Olde South Trust, Inc., are not infants or incompetent persons.
>
> 4. Defendants Olde South Trust, Inc., and Mike Casper, Individually and d/b/a Olde South Trust, Inc., were properly served with notice of the hearing on Plaintiff's Motion for Default.
>
> 5. Plaintiff's Motion for Default as to Defendants Olde South Trust, Inc., and Mike Casper, Individually and d/b/a Olde South Trust, Inc., is well-taken and is hereby granted.
>
> 6. Accordingly, a hearing will be scheduled, *ex parte*, to determine Plaintiff's damages against Defendants Olde South Trust, Inc., and Mike Casper, Individually and d/b/a Olde South Trust, Inc.

There is nothing in the record reflecting that a hearing was held pursuant to this order to determine damages, nor is a final judgment awarding damages included in the papers filed with the motion for summary judgment. In the plaintiff's state court complaint, she requested damages of $100,000, plus pre-judgment interest, attorneys fees, and costs. The plaintiff also requested that the damages be trebled under the Tennessee Consumer Protection Act.

## II. SUMMARY JUDGMENT STANDARDS

Federal Rule of Bankruptcy Procedure 7056 states that Federal Rule of Civil Procedure 56, governing summary judgments, applies in adversary proceedings. Rule 56(c) provides, in part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c) sets forth a two-pronged test: (1) whether there is a genuine issue of material fact for trial; and (2) whether the law entitles the moving party to a judgment in the absence of a genuine dispute of a material fact.

## III. DISCUSSION

The plaintiff seeks summary judgment, asserting that as a matter of law, the "Default Judgment" against the debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

(a)(2)(B), (a)(4), and (a)(6). Specifically, the plaintiff asserts that the state court default order is entitled to collateral estoppel. In response, the debtor objects based upon the default nature of the state court judgment.

In *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658 n.11 (1991), the Supreme Court held that the doctrine of collateral estoppel could be used to foreclose the relitigation of issues previously determined in state court. *See also Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir. 1995) (applying collateral estoppel in dischargeability action). Under the standards of full faith and credit set forth in 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984).

In Tennessee, collateral estoppel applies in a second suit between the same parties (1) if the issues raised in the second suit were actually litigated and decided in the former suit and were necessary to the judgment in that suit, even if the causes of actions were different, *Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987), and (2) "the judgment in the prior case was final and concluded the rights of the party against whom [collateral estoppel] is asserted." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).

4-U.S. Bankruptcy Court, M.D. Tenn.

All that is needed under the "actually litigated" requirement is a fair opportunity to defend oneself. *O'Rourke v. Wyllie (In re O'Rourke)*, 169 B.R. 383, 384 (M.D. Tenn. 1994). Default judgments qualify for collateral estoppel effect: "[i]f a party is properly notified by pleadings of allegations of wrongdoing, and that party chooses not to appear in court to defend against those charges, that party will not be heard to complain in a subsequent proceeding that the matter was not 'actually litigated.'" *Id.* (citing *Walker v. Seals (In re Seals)*, 110 B.R. 331, 333 (M.D. Tenn. 1989)).

In addressing the second requirement that a final judgment be entered in the first case, Tennessee courts have applied appellate standards. "In Tennessee, a judgment is final 'when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (quoting *Saunders v. Metro. Gov't of Nashville & Davidson County*, 214 Tenn. 703, 383 S.W.2d 28, 31 (1964)).

Here, there is no dispute that the debtor was given adequate notice of the charges against him in state court and that he chose not to defend against those charges. However, nothing in the record on summary judgment shows that a final judgment was ever entered in state court. The only exhibit constituting an order of the trial court, while entitled "Default Judgment," was actually the entry of a default under Tenn R. Civ. P. 55.01 with a hearing on

damages to follow, presumably resulting in the entry of default judgment awarding damages. Nothing in the record on summary judgment shows that the final order awarding damages and thereby disposing "of the whole merits of the case" was ever entered. Consequently, based on the record before the Court, collateral estoppel is not available.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the motion for summary judgment should be denied.

An appropriate order will enter.

MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE